IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROGER C. DENTON, as Plaintiffs' Liaison Counsel, on behalf of the Plaintiffs' Steering Committee and for the benefit of Participating Counsel: *In re Yasmin and Yaz (Drospirenone) Marketing, Sales Practices, and Products Liability Litig.*, <br><br> **Plaintiff,** <br><br> v. <br><br> **DANKO MEREDITH, A PROFESSIONAL CORPORATION,** *et al.*, <br><br> **Defendants.** | Case No. 3:19-CV-1365-NJR-GCS |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Relief from Attorney's Lien filed by Interested Non-Party Bayer HealthCare Pharmaceuticals Inc. ("Bayer"). For the reasons set forth below, the Court denies the motion.

### FACTUAL & PROCEDURAL BACKGROUND

This action arises out of disputes over attorneys' fees incurred in the course of the multi-district litigation *In re: Yasmin and Yaz (Drospirenone) Marketing, Sales Practices, and Products Liability Litigation*, Case No. 1:09-md-02100 (S.D. Ill.) ("Yasmin MDL"). An individual case, *Galinis v. Bayer Corporation, et al.* ("Galinis Case"), was brought in the Northern District of California and subsequently transferred to this district as part of the Yasmin MDL. The Yasmin MDL involved numerous plaintiffs' attorneys working together across a large number of cases, and this Court in March 2010 issued Case Management Order

14 ("CMO 14") in the Yasmin MDL, creating a common benefit fund "to provide for the fair and equitable sharing among plaintiffs, and their counsel, of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all plaintiffs in this complex litigation" (Doc. 8-1). CMO 14 requires that plaintiffs' attorneys in all cases in the Yasmin MDL transfer a portion of any recovery into the common benefit fund (the "Assessment"), and directed Bayer as the defendant in the Yasmin MDL to withhold the Assessment from any amounts paid to plaintiffs and their counsel and to pay it directly into the common benefit fund. CMO 14 was subsequently modified by CMO 63, which modified CMO 14 to change the amount of the Assessment (Doc. 1 at 5). The Galinis Case was subject to CMO 14 and CMO 63, and was part of the Yasmin MDL until 2018, when the Yasmin MDL was closed and the Galinis Case was remanded to the Northern District of California (Doc. 8 at p. 1–3).

After remand, the parties in the Galinis Case agreed to a settlement on October 11, 2019, which would require resolution of the Assessment (Doc. 8 at 3). Shortly after agreeing to settle, on November 15, 2019, plaintiff's counsel in the Galinis Case filed a motion in the Northern District of California seeking to modify CMO 14 and the required Assessment established by this Court in the now-closed Yasmin MDL (Doc. 8-4). Subsequently, Plaintiff Roger C. Denton, as Plaintiff's Liaison Counsel, on behalf of the Plaintiffs' Steering Committee and for the benefit of Participating Counsel in the Yasmin MDL ("Liaison Counsel") brought this action on December 16, 2019, seeking to enforce the requirements of CMO 14 and CMO 63 against defendants, formerly plaintiffs' attorneys in the Yasmin MDL, who refused to contribute to the common benefit fund as envisioned under CMO 14 (Doc. 1).

These defendants included counsel for the plaintiffs in the Galinis Case (Doc. 17 at 1–5). Liaison Counsel then served Bayer with notice of a lien for the Assessment (Doc. 8-3).

On December 31, 2019, Bayer filed its Motion for Relief from Attorney's Lien, stating that Judge Susan Illston of the Northern District of California had indicated the possibility of modifications to CMO 14 in the Galinis Case and requesting that this court "extinguish any obligations pursuant to CMO 14 and CMO 63 or any asserted liens that are inconsistent with any rulings from the Northern District of California" (Doc. 8 at 5). On January 22, 2020, Judge Illston issued an order modifying the Assessment due from Galinis' counsel. Order Granting in Part and Denying in Part Motion Re Common Benefit Assessment, *Galinis v. Bayer Corp.*, 09-cv-04980-SI (N.D. Cal. Jan. 22, 2020), ECF No. 192.

**LEGAL STANDARD**

The Judicial Panel on Multidistrict Litigation ("J.P.M.L.") was created in 1968 and granted the authority to transfer civil actions pending in different districts that involve common questions of fact to one district for consolidated pretrial proceedings. 28 U.S.C. § 1407. The authorizing legislation for the J.P.M.L. requires that separate transferred actions be remanded from the transferee districts to the transferor districts where the actions arose at or before completion of pretrial proceedings, unless they have been previously terminated. *Id*. The purpose of the requirement of remand after pretrial is to create efficient and economical pretrial proceedings without losing the benefits of trial in the original district. *See* 28 U.S.C. § 1407(a); *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 499 (J.P.M.L. 1968). A transferee court does not have authority to refuse to remand a case upon conclusion of pre-trial proceedings, and once a case is remanded the transferor court resumes exclusive jurisdiction over further proceedings. *Lexecon v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 27 (1998) (holding

transferee court cannot assign case to itself for trial instead of remanding); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1231 (9th Cir. 2006) ("After an MDL action is remanded, the transferor court resumes exclusive jurisdiction over further proceedings."). Post-remand, the transferee court does not have the ability to pull a case back into its jurisdiction absent another J.P.M.L. order. Manual for Complex Litigation § 20.133, at 230 (2017) (citing *In re the Upjohn Co. Antibiotic Cleocin Prods. Liab. Litig.*, 508 F. Supp. 1020, 1021 (E.D. Mich. 1981) (holding that where motion filed in transferee court for clarification of transferee court order post-remand, transferee court no longer had jurisdiction)).

While the transferee court loses jurisdiction upon remand, it must be noted that remand does not vacate any proceedings concluded in the transferee court—the transferor must take the case as it is returned to it, "with all of its errors, if any, that may have fastened on the carcase [sic] theretofore." *Allegheny Airlines, Inc. v. LeMay*, 448 F.2d 1341, 1344 (7th Cir. 1971) (per curiam). While modifications or expansions of orders by the transferee judge following remand to the transferor are permitted and may be proper or necessary subject to comity and "law of the case" considerations, a transferor judge upon remand should be careful not to revise existing orders absent a significant change of circumstances so as not to undermine the "purpose and usefulness of transfer under Section 1407[.]" Stanley Weigel, The Judicial Panel on Multidistrict Litigation, Transferor Courts and Transferee Courts, 78 F.R.D. 575, 577 (1978).

## DISCUSSION

Bayer argues that this Court should "extinguish any obligations pursuant to CMO 14 and CMO 63 or any asserted liens that are inconsistent with any rulings from the Northern

District of California" (Doc. 8 at 5). The Yasmin MDL has been closed, however, and remaining cases such as the Galinis Case have been remanded to transferor districts. As the transferor district, the Northern District of California resumes exclusive jurisdiction over the Galinis Case upon remand, and this Court has no way to reassert its jurisdiction without another transfer order from the J.P.M.L. Thus, the Court cannot grant the relief sought.

To the extent that Judge Illston's order of January 22 is "inconsistent" with those previously made in this Court, that ruling supersedes and modifies the prior rulings of this Court such as CMO 14 and CMO 63, and Bayer consequently is not subject to conflicting rulings but rather only to the ruling of Judge Illston. It is true that the Northern District of California should be cautious in changing orders affecting all cases in the former Yasmin MDL so as to avoid undermining the purposes of multi-district litigation, but this Court trusts that Judge Illston is capable of considering the factors involved and reaching an informed decision.

## Conclusion

For these reasons, the Court **DENIES** Bayer's Motion for Relief from Attorney's Lien.

**IT IS SO ORDERED.**

DATED: February 14, 2020

                                                                **NANCY J. ROSENSTENGEL**
                                                                **Chief U.S. District Judge**